UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
OCT 14  12 00 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

------------------------------------------------------------X
GREGORY A. BLOCH, ANNE C. BLOCH,:
GREGORY A. BLOCH, ANNE C. BLOCH :
as TRUSTEES FOR THE BENEFIT OF  :
TRIAD ART GROUP, INC.'S EMPLOYEE:   CIVIL ACTION NO. 303-CV-0368 MRK
STOCK OWNERSHIP TRUST, ANNE C.  :
BLOCH as CUSTODIAN FOR THE      :
BENEFIT OF LUCAS CRETZMEYER,    :   October 9, 2003
TRIAD ART GROUP, INC.,          :
TRIAD ART GROUP PUBLISHING, INC.,:
                                :
        Plaintiffs,       :
                                :
VS.                             :
                                :
FINANCIAL WEST GROUP, and.      :
PATRICK SAHLI,                  :
                                :
        Defendants.       :
------------------------------------------------------------X

**DEFENDANT FINANCIAL WEST GROUP'S RESPONSE TO
THE PLAINTIFFS' MOTION TO COMPEL RESPONSES TO THEIR
INTERROGATORIES AND REQUEST FOR PRODUCTION**

Defendant, Financial West Group ("FWG"), by its attorneys, Winget Spadafora & Schwartzberg, LLP, respectfully submit this opposition to the Plaintiffs' motion to compel Defendant FWG to respond to Plaintiffs' Request for Production, Numbers 4, 6, 17 and 18, and Interrogatories, Numbers 10 and 12.

**PRELIMINARY STATEMENT**

The Plaintiffs initiated this action by filing their Complaint on or about February 27, 2003 alleging (6) causes of action against the Defendants, FWG and Patrick Sahli: 1) fraudulent misrepresentation; 2) negligent misrepresentation; 3) breach of fiduciary duty; 4) violations of

Sections 20(a) and 10(b) of the Securities Exchange Act of 1934; and 5) violations of Sections 366-4 and 29(a) of the Connecticut Uniform Securities Act; and 6) negligent supervision. A true and accurate copy of the Plaintiffs' Complaint is annexed to the Affidavit of Dianna D. McCarthy ("McCarthy Aff.") as Exhibit "A." Pursuant to the Court's Order regarding case management under Fed. R. Civ. Pro. 26, the Plaintiffs commenced discovery in this case with their First Request for Production of Documents and First Set of Interrogatories to the Defendants (collectively "Discovery Demands") on or about July 22, 2003. A true and accurate copy of the Plaintiffs' Discovery Demands is annexed to the McCarthy Aff. as Exhibit "B." The Defendant FWG timely responded to the Plaintiffs' Discovery Demands on or about August 21, 2003, responding to Interrogatories, noting preparation of responsive documents, and making relevant objections. A true and accurate copy of the Defendant FWG's August 21, 2003 discovery responses is annexed to the Affidavit of Daniel L. Schwartz ("Schwartz Aff." as Exhibit "A." Pursuant to its August 21, 2003 discovery responses, the Defendant FWG substantially complied with the Plaintiffs' Discovery Demands on or about September 12, 2003, and produced documents bates stamped numbers 000000 - 000465. Furthermore, in an effort to resolve discovery disputes between the parties, Defendant FWG will provide the Plaintiffs with Supplemental Discovery responses and documents. Accordingly, although the Defendant FWG has substantially complied with the Plaintiffs' Discovery Demands, the parties are unable to resolve all of their discovery disputes.

## STATEMENT OF THE CASE

The Plaintiffs' Complaint arises out of Defendant Sahli's alleged misrepresentations regarding a Goldman Sachs High Yield Income Fund ("Income Fund"). See McCarthy Aff., Exhibit "A." Specifically, the Plaintiffs allege that Defendant Sahli, as a representative of FWG, represented to the Plaintiffs that the Income Fund guarantees one-hundred percent (100%) of the principal of any invested moneys and provides a guaranteed interest rate of 7.291%. See McCarthy Aff., Exhibit "A," ¶ 17. The Plaintiffs further allege that Defendant Sahli represented to them that they would not be charged exit fees in the event they decided to withdraw monies from the Income Fund. See McCarthy Aff., Exhibit "A," ¶ 17. Based on Defendant Sahli's alleged representations, the Plaintiffs allege that they relied on said representations and invested in the Income Fund. See McCarthy Aff., Exhibit "A," ¶¶ 18-19, 24, 34, 39-40.

According to the Plaintiffs' Complaint, the Plaintiffs observed discrepancies between their account statements and the representations allegedly made by Defendant Sahli. See McCarthy Aff., Exhibit "A," ¶ 25. Nonetheless, the Plaintiffs allege that Defendant Sahli assured them, and that they relied on such assurances, that the Plaintiffs' account statements were not accurate representations of the account. See McCarthy Aff., Exhibit "A," ¶¶ 27-33. Accordingly, the Plaintiffs continued investing in the Income Fund under the alleged reliance of Defendant Sahli's alleged misrepresentations. See McCarthy Aff., Exhibit "A," ¶¶ 34, 39-40. The Complaint further alleges that the Plaintiffs did not become aware that the principal on the Income Fund is not guaranteed, that it does not have a guaranteed interest rate of 7.291% and there are exit fees charged for the withdrawal of monies until they liquidated $100,000 from the Income Fund and only received a check in the amount of $86,374.24. See McCarthy Aff.,

Exhibit "A," ¶ 46. Nonetheless, the Plaintiffs allegedly continued to rely on Defendant Sahli's alleged misrepresentations. See McCarthy Aff., Exhibit "A," ¶¶ 47-48. The Plaintiffs further allege that they liquidated their accounts with FWG upon learning of Defendant Sahli's misrepresentations and that he was terminated as a registered representative for FWG. See McCarthy Aff., Exhibit "A," ¶ 53.

## ARGUMENT

A. <u>FWG Should Not be Ordered to Produce Information Regarding Prior Complaints Against Defendant Sahli</u>

Interrogatory No. 10 and Production Request Nos. 4, 6 and 17 all call for discovery of confidential information regarding prior complaints made against Defendant Sahli. Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. Accordingly, 'discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.' Fletcher v. City of New York, 1988 WL 13770 (S.D.N.Y.) (quoting Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (quoting Miller v. Doctor's General Hospital, 76 F.R.D. 136, 138-39 (W.D.Okl. 1997)). Moreover, '[w]here relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery requested.' See Employers Commercial Union Ins. Co. of America v. Browning-Ferris Industries of Kansas, 1993 WL 210012, *3 (D.Kan.) (citations omitted)[1]. The Plaintiffs in the immediate case cite to the National Association of Securities Dealers ("NASD") Notice 99-90 in support of their argument that the Defendant FWG should be required to produce documents and information regarding prior complaints made against

---

[1] A copy of the Employers Commercial Union Ins. Co. of America decision is annexed hereto as Exhibit "1."

4

Defendant Sahli. Nonetheless, the Plaintiffs Discovery Demands must be relevant to their Complaint pursuant to Fed. R. Civ. P. 26(b)(1).

Moreover, Fed. R. Civ. P. 26(c) protects from disclosure requests which seek information that is proprietary, confidential or commercially sensitive. In this regard, pursuant to the Commerce and Trade Act and the Banks and Banking Act, as a financial institution, FWG "has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic information." See Commerce and Trade Act, 15 U.S.C.A. § 6801 (a); see also Banks and Banking Act, 12 U.S.C.A. § 3403 (a). FWG therefore requests that it be protected from producing the names and addresses of any complainants as the same would be found confidential by the Commerce and Trade Act, 15 U.S.C.A. §6801(a) and Banks and Banking Act, 12 U.S.C.A. §3403(a) as sought in Interrogatory No. 10 and Plaintiffs' Request for Production Nos. 4, 6, and 17. FWG therefore requests that it be protected from producing information it deems confidential.

The Defendant FWG made timely objections to the Plaintiffs' Interrogatory No. 10 and Production Request Nos. 4, 6 and 17 on the grounds that the information requested is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Moreover the information requested seeks information protected from disclosure pursuant to Fed. R. Civ. P. 26(c) in that it seeks information which FWG claims is proprietary, confidential and sensitive commercial information. In this regard, the Plaintiffs' Complaint alleges breach of fiduciary duty owed by the Defendants to the Plaintiffs, not breach of a duty owed to third parties not privy to the immediate action. See McCarthy Aff., Exhibit "A."

Accordingly, any complaints alleged by such third parties are irrelevant to the Plaintiffs' Complaint. Specifically, such discovery would be evidence relevant to the Defendant Sahli's reputation as a broker-dealer and not relevant to prove the Plaintiffs' allegations of breach of fiduciary duty. See McCarthy Aff., Exhibit "A," Count III. Furthermore, responses to the Plaintiffs' Interrogatory No. 10 and Production Request Nos. 4, 6 and 17 would require identification of the Defendants' confidential customer lists, which is wholly irrelevant to the Plaintiffs' Complaint and a violation of 15 U.S.C.A. § 6801. See McCarthy Aff., Exhibit "A."

Accordingly, if this Court orders the Defendant FWG to respond to the Plaintiffs' Interrogatory No. 10 and Production Request Nos. 4, 6 and 17, then the Defendant FWG respectfully requests that such disclosure be subject to a protective order and confidentiality order. A proposed Protective Order and a proposed Confidentiality Order are annexed to the McCarthy Aff. as Exhibit "C." Nonetheless, the Defendant FWG maintains its objections to the Plaintiffs' Interrogatory No. 10 and Production Request Nos. 4, 6 and 17 on the grounds that the information requested is unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence pursuant to Fed. R. Civ. P. 26(b)(1) and seeks information protected from disclosure pursuant to Fed. R. Civ. P. 26(c) in that it seeks information which FWG claims is proprietary, confidential and sensitive commercial information.

Accordingly, the Defendant FWG has substantially complied with the Plaintiffs' Discovery Demands and objects to the Plaintiffs' motion to compel responses to the Plaintiffs' Interrogatory No. 10 and Production Request Nos. 4, 6 and 17 on the grounds that the information requested is overly broad, unduly burdensome and not reasonably calculated to lead

to the discovery of relevant evidence, pursuant to Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(c).

### B. FWG Has Fully Complied with the Plaintiffs' Interrogatory No. 12.

The Plaintiffs' Interrogatory No. 12 requests, in part, that the Defendant FWG identify all sources of any deposits or payments made into the Plaintiffs' accounts from January 2001 through December 2002. Although the Defendant FWG objected to the Plaintiffs' Interrogatory No. 12 because it was unable to respond to the request as written, on September 12, 2003 the Defendant FWG produced documents in its possession and control that are reasonably responsive to Interrogatory No. 12, identified as bates stamped numbers 000059 - 000066. It should further be noted, that any documents other than deposit checks regarding transactions into the Income Fund would go through the Defendant FWG's clearing bank, and such documents are not in the Defendant FWG's custody or control.

Accordingly, the Defendant FWG fully complied with the Plaintiffs' Interrogatory No. 12 and Plaintiffs' Motion to Compel as respects Interrogatory No. 12 is now moot.

### C. FWG Will Provide Documents Reasonably Responsive to the Plaintiffs' Production Request No. 18.

The Plaintiffs' Production Request No. 18 requests copies of all communications between the Defendants FWG and Sahli regarding the Plaintiffs' accounts. Subject to the objections made by the Defendant FWG regarding the Plaintiffs' Production Request No. 18, the Defendant

FWG shall produce documents in custody and control that are reasonably responsive to said request. Accordingly, the Plaintiffs' Motion to Compel as respects Request No. 18 will be moot.

## CONCLUSION

WHEREFORE, the Defendant FWG requests that the Court deny the Plaintiffs' Motion to Compel; or alternatively, execute the annexed Order of Confidentiality and Protective Order.

Dated: New York, New York
October 9, 2003

WINGET, SPADAFORA &
SCHWARTZBERG ,LLP
Attorneys for Defendant
Financial West Group

By: _____
Dianna D. McCarthy (ct24874)
45 Broadway, 19th Floor
New York, New York 10006
Phone: (212) 221-6900
Fax: (212) 221-6989
mccarthy.d@wssllp.com

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Opposition was sent via first class mail on this date to:

Patricia M. Canavan, Esq.
Daniel L. Schwartz, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
Attorneys for Plaintiffs

Glenn A. Duhl, Esq.
Siegel, O'Connor, Zangari,
O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
Attorneys for Defendant Patrick Sahli

Dated: October 9, 2003

Dianna D. McCarthy

Not Reported in F.Supp.                                                                              Page 1
(Cite as: 1993 WL 210012 (D.Kan.))

C
Only the Westlaw citation is currently available.

United States District Court, D. Kansas.

EMPLOYERS COMMERCIAL UNION
INSURANCE COMPANY OF AMERICA, et al.,
Plaintiffs,
v.
BROWNING-FERRIS INDUSTRIES OF KANSAS
CITY, INC., et al., Defendants.

CIV. A. No. 91-2161-JWL.

April 5, 1993.

MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

*1 Under consideration is defendant Browning-Ferris Industries of Kansas City, Inc.'s (defendant) First Motion To Compel Discovery (doc. 92). Pursuant to Fed.R.Civ.P. 37(a), it seeks an order compelling plaintiff Employers Commercial Union Insurance Company of America (plaintiff) to answer its first set of interrogatories and to produce all documents responsive to its first request for production of documents. Specifically, it seeks full answers to interrogatories 1 through 7, 9, 10, and 12, as well as all documents responsive to the requests. It further seeks "its costs and attorneys' fees incurred in the prosecution of this motion."

Plaintiff lists fourteen general objections to the interrogatories and thirteen to the requests for production. The court will address these objections in the following groups: (1) privileges, work product, and confidentiality; (2) possession; (3) relevance; (4) broadness, vagueness, and ambiguity; (5) undue burden and oppressiveness, (6) policies never issued by plaintiff to defendant; and (7) use of the term "BFIKC Insureds." Generally when responding to the interrogatories and the requests, plaintiff simply referred by number to its list of general objections. At times it elaborated on those general objections. It claims that this procedure "avoid[s] the duplication and repetition of restating [the objections] for each response." It also states that "the failure to specifically incorporate a general objection should not be construed as a waiver of the general objection." Thus, plaintiff purports to assert or reserve every general objection to every interrogatory and request. The court will not treat merely reserved objections, however, as timely.

Defendant opposes the motion. It argues that plaintiff has not met its burden to show specifically how the discovery requests are objectionable. It contends they are proper and seek relevant information. It states that the "interrogatories are narrow in scope and specifically directed at locating 'lost' policies or portions of policies, locating extrinsic evidence of such policies if they cannot be located, or determining the identity of witnesses with knowledge of the policies." It also claims that the requests for production seek relevant documents.

Plaintiff asserts that its "objections were quite specific, and only those objections which [it] genuinely felt applied to a particular interrogatory were listed by number in response to that interrogatory." It also claims that "[t]he objections were made in good faith." It further asserts
  that to the best of [its] information, knowledge, and belief, *all* portions of policies and written information pertaining in any way to policies which may have been issued to any defendant have been produced, with two very limited exceptions: (1) memoranda and handwritten notes of plaintiff's counsel have been excluded or redacted from documents produced; and (2) reinsurance information has been excluded.
*2 It also argues that the documents sought are irrelevant. It claims that this dispute "is governed by specific [insurance] policies which, if in existence, have written terms and conditions which are clear and unambiguous and which speak for themselves."

Although plaintiff may have produced additional information and documents, the court cannot ascertain from the memoranda to what extent, if any, such production satisfies any particular interrogatory or request. In some instances plaintiff contends it has adequately supplemented its answer to an interrogatory by correspondence. The court will not treat a letter as a sufficient supplementation. A party must answer an interrogatory under oath and in the form which facilitates filing with the court. Letters do not comply with these requirements. In deciding the motion, therefore, the court will disregard whatever has been done without compliance with the Federal Rules of Civil Procedure and District of Kansas Rules.

Plaintiff has not substantiated most of its objections. It rarely reveals sufficient facts, moreover, to link its general objections to specific interrogatories or requests for production. "General objections are not

Not Reported in F.Supp.
(Cite as: 1993 WL 210012 (D.Kan.))

Page 2

useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. National Bank*, 103 F.R.D. 52, 58 (D.D.C.1984). "Nor does a general objection fulfill plaintiff's burden to explain its objections." *Id.* (citation omitted). "[P]arties ... have a duty to provide true, explicit, responsive, complete and candid answers to interrogatories." *Id.* at 61 (citations omitted). "The 'familiar litany ... overly broad, burdensome, oppressive, irrelevant' will not alone constitute a successful objection to an interrogatory." *Carl I. Brown & Co. v. Mufich*, No. 90-2135, unpublished op. at 2 (D.Kan. Mar. 25, 1991) (quoting *Roesberg v. Johns-Manville Corp.* 85 F.R.D. 292, 296 (E.D.Pa.1980)). The objecting party "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Roesberg*, 85 F.R.D. at 296 (citations omitted). "The court is not required to 'sift each interrogatory to determine the usefulness of the answer sought.' " *Id.* (quoting *Klausen v. Sidney Printing & Publishing Co.*, 271 F.Supp. 783, 784 (D.Kan.1967)). The guidance provided by the *Roesberg* case applies to requests for production as well as interrogatories.

The objecting party generally has the burden to substantiate its objections. *See, e.g., Chubb Integrated Sys. Ltd.*, 103 F.R.D. at 58 (broadness, burdensomeness, and oppressiveness) (citations omitted); *Schapp v. Executive Indus., Inc.*, 130 F.R.D. 384, 386-87 (N.D.Ill.1990) (relevancy, broadness, and undue burden); *Casson Constr. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 384 (D.Kan.1980) (attorney-client privilege). Unless an interrogatory or request for production is objectionable on its face, a bald-faced objection presents an insufficient answer or response.

*3 The court first addresses the objections of broadness, vagueness, and ambiguity. The court does find interrogatories 4, 6(c), 9(d), and 10(c) and (d), as well as request 3 vague, ambiguous, and overly broad on their face. Defendant has used omnibus phrases such as "relates to," "related to," "relating to," "in connection with," "concerning," or "relevant to" in these discovery requests. "The use of such [terms] often makes [discovery] request [s] indefinite, vague and ambiguous." *Carl I. Brown & Co.*, No. 90-2135, at 6. "Requests should identify specific documents or categories of items with reasonable precision." *Id.* Interrogatories should likewise identify the specific information sought with reasonable precision. If omnibus phrases modify a sufficiently specific type of information or document, they may survive an objection of ambiguity. If they modify general categories of information or documents, however, they are usually objectionable on their face.

Use of the phrase "relates to" in interrogatory 4 creates objectionable ambiguity to the extent it modifies "(a) The BFIKC insureds," and "(c) what is commonly known as the Doepke-Holliday Site in Johnson County, Kansas." To the extent subpart (d) of interrogatory 4 seeks information or documents concerning subparts (b) and (c), it is also objectionable. The use of similar phrases in interrogatories 3(c), 6(c), 9(d), 10(c) and (d) and request 3 creates objectionable ambiguity as well. The court thus sustains the objections of vagueness, broadness, and ambiguity as to interrogatories 3(c), 4, 6(c), 9(d), 10(c) and (d), and request 3 as stated herein. It overrules such objections as to the other interrogatories and requests.

The court next addresses the objections of relevancy. "Where relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request." *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.*, No. 90-2201, unpublished op. at 3 (D.Kan. July 15, 1991) (citation omitted). When the discovery sought appears relevant, however, "the burden is on the party objecting to show that the discovery is not relevant." *Smith v. MCI Tel. Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991) (quoting *Pickett v. Bridgestone (U.S.A.), Inc.*, No. 86-4281 (D.Kan.1988)). "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D.Kan.1991) (citations omitted).

Most of the interrogatories and requests appear relevant on their face. Defendant has adequately shown relevancy for most of the others. Plaintiff repeatedly claims that because this dispute "is governed by specific [insurance] policies which, if in existence, have written terms and conditions which are clear and unambiguous and which speak for themselves," the documents sought are irrelevant. The present case involves more than simply interpreting the language of a given policy as a matter of law. The parties cannot find the policies at issue. If they are not found, the case will apparently involve reconstructing the language of the lost policies. There also appears to be an underlying factual dispute of whether defendant actually issued policies to plaintiffs. Extrinsic evidence is relevant in such

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.
(Cite as: 1993 WL 210012 (D.Kan.))

Page 3

cases. *Bankwest v. Fidelity & Deposit Co.,* No. 92-2004, unpublished op. at 4 (D.Kan. Oct. 14, 1992). The mere fact that this case involves interpreting an insurance policy does not necessarily make extrinsic evidence irrelevant. The court will generally determine such relevancy on a case-by-case basis.

*4 "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *MCI Tel. Corp.,* 137 F.R.D. at 27 (citation omitted). As long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence," it does not matter that the information itself would be inadmissible at trial. Fed.R.Civ.P. 26(b)(1). Other than arguments concerning reinsurance agreements, plaintiff has not substantiated its objections of irrelevance. The court, therefore, overrules such objections as unsupported, except as to Interrogatories 2(b), and 7(c) and (d).

Plaintiff claims that information on reinsurance is irrelevant, "[b]ecause reinsurance has nothing to do with the interpretation and application of the alleged insurance polices at issue ... nor the parties' alleged negotiation of such alleged policies." It cites one unpublished opinion in support of this proposition, but fails to attach a copy of that opinion in accordance with D.Kan. Rule 112(b). The court, therefore, will not consider it. Although courts disagree as to the relevancy of reinsurance agreements, *compare National Union Fire Ins. Co. v. Continental Ill. Corp.,* 116 F.R.D. 78, 83 (N.D.Ill.1987) (finding relevance under Fed.R.Civ.P. 26(b)(1) and (2)) *with Rhone-Poulenc Rorer Inc.,* 139 F.R.D. at 612-13 (finding such agreements irrelevant even under Fed.R.Civ.P. 26(b)(2)), a case on point states that "information concerning reinsurance should be discoverable in order to attempt to reassemble the terms of the original contract *which is now unavailable.*" See *Leksi, Inc.,* 129 F.R.D. at 106 (emphasis added).

Plaintiff's attempt to distinguish this case lacks persuasion. It claims that the case only "carved out a very narrow exception to the rule that reinsurance information is not discoverable." It argues that discovery is allowed only when "a lost policy was the subject of a facultative reinsurance certificate which may help reconstruct the lost policy." In reality, the *Leksi* court stated that "[i]f the unavailable policy has been the subject of a facultative reinsurance certificate in the past, then it is not overly

burdensome for the ... insurer to provide [the] information." *Id.* This language does not restrict relevancy to a particular kind of reinsurance. It merely clarifies when production of such relevant information may be unduly burdensome. The court finds the request for reinsurance information reasonably calculated to lead to the discovery of admissible evidence. To date the parties have not found the policies in question. The court overrules the objections of irrelevancy.

The court next addresses the objections of undue burden and oppressiveness. "Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." *Snowden,* 137 F.R.D. at 332 (citation omitted). Plaintiff does not carry that burden. It does not purport to rely on the statement in *Leksi* to support its objections of undue burden. It merely mentions facultative reinsurance certificates to distinguish *Leksi* on grounds of relevancy. It did not refer to them to show undue burden.

*5 Plaintiff also contends its record-keeping system precludes locating much of the requested information without resorting to manual searching. It says that its "claim files are not grouped according to subject matter (i.e. environmental), are not filed under the named [sic] of the purported insured, and are not filed by policy year." It argues that manually searching all of its claim files nationwide is "an unbelievably and overwhelming task."

"The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2214, at 647-48 (1970) (citations omitted). "The fact that an unwieldy record keeping system would require heavy expenditures of time and effort to produce requested documents, [sic] is not a sufficient reason to prevent disclosure of otherwise discoverable material." *Snowden,* 137 F.R.D. at 333 (citations omitted). "An objection must show specifically how an interrogatory [or request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated Sys. Ltd.,* 103 F.R.D. at 59-60 (citations omitted). "In making a decision regarding burdensomeness, a court should balance the burden on the interrogated party against the benefit to the discovering party of having the information." *Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436, 438

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Case 3:03-cv-00368-MRK   Document 24   Filed 10/11/2003   Page 13 of 13

Not Reported in F.Supp.
(Cite as: 1993 WL 210012 (D.Kan.))

Page 4

(D.Kan.1987) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975)). "[D]iscovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery." *Snowden,* 137 F.R.D. at 333 (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2214, at 647- 48 (1970)).

Plaintiff has submitted no affidavit or other proof to show that the requested production of documents would be unduly burdensome. Nor has it otherwise shown undue burden from anything of record. Mere assertions in argument that its record-keeping system prevents production without undue burden do not suffice. The court declines to speculate on this point. The scales of justice will generally weigh in favor of the production of relevant documents when weighed against mere conjecture of undue burden. The court has determined that the requested documents are relevant. Plaintiff has not shown undue burden. The court, therefore, overrules such objections.

The court further notes that Fed.R.Civ.P. 33(c) provides the option to produce business records from which defendant can obtain the information sought by the interrogatories. Plaintiff thus has the opportunity of shifting to defendant the burden of searching for the responsive answers from the business records. The rule thus contemplates that discovery may be time-consuming and burdensome, but allows a party to shift such burden to the opponent when it would be substantially the same for either of them.

*6 The court also overrules the objections based on privilege, work product, and confidentiality. Plaintiff has not substantiated them. It "has the burden to show that the requested documents are work product or privileged." *Lundak v. Kittel,* No. 92-2239, unpublished op. at 4 (D.Kan. Sept. 24, 1992) (citing *Casson Constr. Co.,* 91 F.R.D. at 384). It has failed to meet that burden. It has also not shown any material to be confidential or trade secrets.

The court also overrules the objections of plaintiff that it is not in possession or control of certain information or documents sought. The court recognizes a party cannot produce something, if it has no possession, custody, or control of it. In this case, however, plaintiff has not adequately shown that it lacks possession, custody, or control of anything. It merely poses its objection in hypothetical terms: "[Plaintiff] objects to the interrogatories [and requests] to the extent that they seek documents that are not within the [its] possession." Plaintiff does not identify any specific documents that are beyond its possession or control. It merely asserts the objection generally and then references it by number in all of the specific objections at issue. Again it fails to carry its burden.

The court finds no merit in the objections that plaintiff never issued policies to defendant and against use of the term "BFIKC Insureds." Plaintiff contends that it "has no information, evidence or belief that it ever issued policies of insurance to Browning-Ferris Industries of Kansas City, Inc. or Browning-Ferris Industries, Inc." It therefore objects to "any interrogatory [or request] which includes within its scope these entities." It "objects to the use of the term 'BFIKC Insureds' on the ground it assumes as true a disputed factual issue, that is, whether or not any of the parties so designated were, in fact, insured by [plaintiff]." Plaintiff, by these objections, is contesting the merits of the case. Inclusion of these entities or the use of the term "BFIKC Insureds" does not make the interrogatories or requests invalid. Accordingly, the court overrules them.

In summary, the court sustains in part and overrules in part defendant Browning-Ferris Industries of Kansas City, Inc.'s First Motion To Compel Discovery (doc. 92). Within twenty days of the date of this order, plaintiff Employers Commercial Union Insurance Company of America shall fully answer all interrogatories of defendant's first set of interrogatories, except 2(b), 3(c), 4, 6(c), 7(c), 8, 9(d), 10(c) and (d), and 11, as directed herein. It shall also produce all responsive documents to requests 1 and 2 of defendant's first request for production of documents. Production shall occur at the law offices of defendant located at 2600 Mutual Benefit Life Building, 2345 Grand Avenue, Kansas City, Missouri 64108, or at any other place the parties may agree.

IT IS SO ORDERED.

1993 WL 210012 (D.Kan.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works