UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Gregory C. Bloch, et al. | : | |
| | : | |
| Plaintiffs, | : | NO.   3:03cv368 (MRK) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Financial West Group, et al. | : | |
| | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

Plaintiffs' Motion to Compel Responses to Their Interrogatories and Requests for Production [doc. #21] is GRANTED in its entirety. Defendants are ordered to provide Plaintiffs with all documents requested in Plaintiffs' Requests for Production, Numbers 4, 6, and 17, and with answers to Interrogatory Number 10 no later than December 1, 2003. Defendants claim that they have already complied with Interrogatory No. 12 and are in the process of complying with Request for Production No. 18. To the extent Defendants have not yet complied with either of these discovery requests, they are hereby ordered to do so by December 1 as well.

The Court finds Defendants' opposition to Plaintiffs' Interrogatories and Requests for Production to be completely unfounded. As an initial matter, the Court notes that the blanket assertion that all documents or information sought by a particular request are irrelevant is not a proper response in general.  In this case in particular, however, Defendants' invocation of relevance is especially inappropriate given the nature of the claims asserted by the parties.  Indeed, the Court

finds it difficult to fathom how Defendants could in good faith assert that information regarding complaints asserted against Mr. Sahli could possibly be "irrelevant" given the fact that the Plaintiffs are suing the Defendant Financial West Group ("FWG') for negligent supervision of Mr. Sahli and FWG itself, in its Twentieth Special Defense [Doc. #11], asserts that it "properly, diligently, and adequately supervised Co-Defendant Mr. Sahli and every other employee, agent, representative of Defendant FWG with respect to Plaintiffs' accounts and complied with all laws, regulations and policies regarding the duty of supervision."

Additionally, the Local Rules of this Court, which the Court expects Defendants' counsel to be familiar with, require that when a party asserts a claim of privilege or work product protection in response to a discovery request, the party asserting the privilege or protection must provide a privilege log, specifying the type of document, general subject matter of the document, and date, author, and all recipients of the document. Conn. Civ. L. R. 37(a). Here, there is no indication that Defendants provided a privilege log along with their responses to the Plaintiffs' requests. Furthermore, for the reasons advanced by Plaintiffs, the invocation of privilege in response to these discovery requests would appear to be frivolous.

Finally, Defendants assert that the information requested is confidential, and they object to Plaintiff's discovery requests on that basis as well and insist on entry of a protective order attached to their brief. The Court rejects Defendants' objection and request. It is Defendants' obligation to make a particularized demonstration that specific information sought is confidential and should be protected by an appropriately crafted order under Rule 26 of the Federal Rules of Civil Procedure. Defendants' generalized assertions of "privacy," "confidentiality" and "proprietary information" do not satisfy their burden at this stage. If the Plaintiffs and Defendants can agree upon a confidentiality

agreement that governs their own conduct of discovery and does not impose obligations of secrecy on this Court, the Court has no objection to the parties doing so. However, if Defendants require an order from this Court or they seek to restrict what is filed in the public record of this proceeding, they will have to demonstrate that their request is narrowly tailored and amply justified in the circumstances, neither of which Defendants have done.

**The parties are cautioned that no further discovery motions should be filed without permission from the Court. All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022.**

IT IS SO ORDERED.

/s/    Mark R. Kravitz
       U.S.D.J.

Dated at New Haven, Connecticut: November 6, 2003